STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RYAN LOUIS CAMBRA, Defendant-Appellant
No. 28887.
Intermediate Court of Appeals of Hawaii.
November 12, 2008.
On the briefs:
Christian Enright, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant Ryan L. Cambra (Cambra) appeals the Judgment for Citation/Report No. 1DTC-06-006862, and Judgment for Citation/Report No. 1DTI-06-007887, filed on November 6, 2007, in the District Court of the First Circuit, Honolulu Division (district court).[1]
On November 6, 2007, the district court entered judgment in favor of the State of Hawaii for Cambra's violation of Hawaii Revised Statutes (HRS) § 291C-101 (2007) and found Cambra guilty of the offense of Reckless Driving, a violation of HRS § 291-2 (2007).
On appeal, Cambra contends (1) his citations should have been dismissed for failure to provide a "brief statement of facts" required by HRS § 291D-5, (2) the district court erred by finding that Cambra was driving at a high rate of speed, and (3) there was insufficient evidence to support the judgments.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cambra's points of error as follows:
(1) The district court was correct when it refused to dismiss Citation No. 1DTI-06-007887, because the citation contained a statutory designation for the infraction and thus complied with Rule 9 of the Hawai`i Civil Traffic Rules. See In re Doe, 109 Hawai`i 399, 409, 126 P.3d 1086, 1096 (2006).
In any event, the purpose of the "brief statement of the facts" is to serve as evidence of the infraction at the hearing to contest the notice of traffic infraction, see 1993 Haw. Sess. L. Act 154 §1 at 366, and nothing in HRS Chapter 291D requires dismissal for a failure to include such a statement in the notice of traffic infraction.
The district court did not err by refusing to dismiss Citation No. 1DTC-06-006862 because Reckless Driving is a criminal offense and not a traffic infraction subject to HRS § 291D-5.
(2) The district court did not clearly err by finding that Cambra was driving at a high rate of speed as the evidence presented to the district court supported this finding. Determination of Cambra's actual speed was not necessary to convict him of Reckless Driving. Officer Stacey Forges (Forges) stated that he observed Cambra's vehicle approaching him from behind and gaining speed. Officer Forges also stated that Cambra was "approaching me really quick." The district court credited Officer Forges's testimony. This court will "not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawai`i 131, 139, 913 P.2d 57, 65 (1996) (citations omitted).
(3) There was sufficient evidence to convict Cambra of Reckless Driving because there was substantial evidence presented to the district court that Cambra was traveling at a high rate of speed and changed lanes in a manner that caused two other automobiles to veer out of their lanes of travel to avoid collisions. Eastman, 81 Hawai`i at 135, 913 P.2d at 61 (quoting State v. Pone, 78 Hawai`i 262, 265, 892 P.2d 455, 458 (1995)).
Therefore,
IT IS HEREBY ORDERED that the Judgment for Citation/Report No. 1DTC-06-006862 and the Judgment for Citation/Report No. 1DTI-06-007887 are affirmed.
NOTES
[1] The Honorable T. David Woo, Jr. presided.